# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL NO. 3:05CV280-H

| | |
|---|---|
| ANGELA K. FROLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND ORDER** |
| ) | |
| GARY M. COBLE, individually and in ) | |
| his official capacity as a Deputy Sheriff, ) | |
| JAMES PENDERGRAPH, Mecklenburg ) | |
| County Sheriff's Department, and ) | |
| PEERLESS INSURANCE COMPANY, ) | |
| ) | |
| Defendants. ) | |
| ) | |

**THIS MATTER** is before the Court on the Defendants' "Motion to Dismiss the Amended Complaint [and] Memorandum ... in Support ..." (both document #11), filed October 19, 2005; and the "Plaintiff's Response ..." (document #14) filed December 21, 2005. On January 4, 2006, the Defendants filed their "Reply ..." (document #15).

The parties have consented to Magistrate Judge jurisdiction under 28 U.S.C. §636(c), and this motion is now ripe for determination.

Having carefully considered the parties' arguments, the record, and the applicable authority, the Court will <u>grant in part</u> and <u>deny in part</u> the Defendants' "Motion to Dismiss the Amended Complaint" (document #11); and will <u>remand</u> her remaining state law claims to state court, as discussed below.

## I. PROCEDURAL AND FACTUAL BACKGROUND

This is an action seeking damages pursuant to 42 U.S.C. § 1983 for alleged violations of the

Plaintiff's rights under the United States Constitution and under state law.

The Defendant Mecklenburg County is a political subdivision of the State of North Carolina.[1] At all times relevant herein, the Defendant James Pendergraph was the Sheriff of Mecklenburg County and Defendant Gary Coble was employed as one of his Deputies.

Defendant Peerless Insurance Co. is a New Hampshire corporation and is the insurer of Defendant Pendergraph's sheriff's bond.

The Plaintiff, Angela K. Froland, is a citizen of Mecklenburg County.

Taking the allegations of the Amended Complaint as true, on January 12, 2004 at approximately 2:05 p.m., the Plaintiff was driving a 1994 Saturn automobile in a funeral procession traveling southbound on Sharon Amity Road in Charlotte. At the same time, Defendant Coble was operating a Sheriff's Department vehicle on Sharon Amity Road, also in a southbound direction and behind the funeral procession. Although he was not pursuing a suspect or otherwise responding to an emergency, Defendant Coble then attempted to pass the Plaintiff's vehicle "at a high rate of speed" on the right side of the road, and without engaging his emergency lights, siren, or headlights, or giving the Plaintiff any other warning of his presence or attempt to pass her.

At that moment, the procession slowed, and Defendant Coble's vehicle struck the Plaintiff's car "with great force and violence." As a result of the collision, Plaintiff was "thrown about" her automobile which caused unspecified injuries to her head, back, torso and nervous system.

The Plaintiff subsequently attempted to reach a negotiated settlement with the Sheriff's Department, but she alleges that the Defendants "assert[ed] governmental immunity and refus[ed]

---

[1] Although not listed in the case caption, the Amended Complaint purports to state claims against Mecklenburg County.

2

to pay [her] claims."

On May 24, 2005, the Plaintiff filed a Complaint in the Superior Court of Mecklenburg County, which as amended, alleges two § 1983 constitutional claims against the Sheriff and County: (1) a municipal/supervisory liability claim in which Plaintiff contends that there is a custom or practice in the Sheriff's Department of passing funeral processions in an unsafe manner, and (2) a claim for violation of Plaintiff's due process and equal protection rights, that is, the Defendants' decision not to settle the Plaintiff's claims, when they do settle claims brought by some other claimants. The Plaintiff does not allege, however, that the accident itself deprived her of any constitutional right or that the Defendants' refusal to settle was based on her gender or any other constitutionally-impermissible factor.

The Plaintiff also pled a state common law negligence claim against Defendants Coble and Pendergraph and a state statutory claim against Defendant Pendergraph's bond.

On June 16, 2005, the Defendants removed the state action to federal court, alleging federal question jurisdiction, and the next day filed their first "Motion to Dismiss."

On September 30, 2005, the Plaintiff filed her Amended Complaint (document #8), which as the Defendants concede, mooted their initial Motion to Dismiss, and on October 4, 2005, the Defendants withdrew that Motion. See "Notice of Withdrawal of Motion" (document #9).

On October 19, 2005, the Defendants filed their present Motion to Dismiss the Amended Complaint, which has been fully briefed as set forth above and is, therefore, ripe for disposition.

## II. DISCUSSION OF CLAIMS

### A. Standard of Review

"A motion to dismiss under [Fed. R. Civ. P. 12(b)(6)] tests the sufficiency of a complaint; importantly, it does not resolve contests surrounding the facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir.), citing 5A C. Wright & A. Miller, Fed. Practice and Procedure §1356 (1990).

"A motion to dismiss for failure to state a claim should not be granted unless it appears to a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proved in support of [the subject] claim." McNair v. Lend Lease Trucks, Inc., 95 F.3d 325, 328 (4th Cir. 1996)(en banc), citing Rogers v. Jefferson-Pilot Life Ins. Co., 883 F.2d 324, 325 (4th Cir. 1989); and Johnson v. Mueller, 415 F.2d 354, 355 (4th Cir. 1969). Accord Republican Party of NC, 980 F.2d at 952 ("A complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief") (internal citation omitted). However, the district court is not required to accept as true the legal conclusions set forth in a plaintiff's complaint. Edwards, 178 F.3d at 244.

In considering a Rule 12(b)(6) motion, the complaint must be construed in the light most favorable to the plaintiff, assuming its factual allegations to be true. See, e.g., Hishon v. King & Spaulding, 467 U.S. 69, 73 (1984); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); Martin Marietta v. Int'l Tel. Satellite, 991 F.2d 94, 97 (4th Cir. 1992); and Revene v. Charles County Comm'rs, 882 F.2d 870, 872 (4th Cir. 1989).

**B.  Federal and State Law Claims Against the Defendant Mecklenburg County**

At the outset, in North Carolina, a sheriff is the sole law enforcement policymaker in his office, a county has no control over a sheriff's law enforcement policies and activities, and, consequently, a county cannot be held liable for constitutional or other civil wrongs committed by a sheriff or his employees.  Accord  Knight v. Vernon, 214 F.3d 544, 552-53 (4th Cir. 2000) (county not a proper party in § 1983 suit alleging that sheriff violated plaintiff's First Amendment rights); Little v. Smith, 114 F. Supp. 2d 437, 446 (W.D.N.C. 2000) (Anson County not a proper defendant in § 1983 action alleging excessive force and improper training against Sheriff of Anson County and his deputies); and Clark v. Burke County, 117 N.C.App. 80, 85, 450 S.E.2d 747, 749 (1994) ("any injury resulting from [the deputy sheriff's] actions ... cannot result in liability for Burke County and summary judgment is therefore affirmed for" the county).

Accordingly, the undersigned will grant the Defendants' Motion to Dismiss the Amended Complaint as to both federal and state law claims asserted against the Defendant Mecklenburg County.

**C. Section 1983 Claims**

**1.  Municipal/Supervisory Liability Claim**

It is well settled that in order to prevail on a § 1983 claim brought under a theory of municipal/supervisory liability, a plaintiff must first establish an underlying constitutional violation, in this case, that the automobile accident deprived the Plaintiff of a constitutional right.   See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690-91 (1979); City of Canton, Ohio v. Harris, 489 U.S. 378, 388 (1989);  Carter v. Morris, 164 F.3d 215, 217-19 (4th Cir.  1999) ("it is by now well

5

settled that a [defendant municipality or agency] is only liable under section 1983 if it causes such a[n] [underlying] deprivation through an official policy or custom"); and Rooney v. Watson, 101 F.3d 1378, 1381 (11th Cir. 1996) ("[a]n inquiry into a governmental entity's custom or policy is relevant only when a constitutional deprivation has occurred").

This is not a showing–that an underlying constitutional has occurred–the Plaintiff in this case is capable of making  the Plaintiff in this case can make.  To the contrary, as the Plaintiff concedes throughout her Complaint, Amended Complaint, and responsive brief, Defendant Coble's alleged conduct, taken as entirely true at this point in the proceedings, establishes no more than simple negligence, that is, it does not rise to the level of a constitutional violation.  Accord Parratt v. Taylor, 451 U.S. 527, 544 (1981) (if allegations of negligence could satisfy §1983, "any party who is involved in nothing more than an automobile accident with a state official could allege a constitutional violation under § 1983"); Baker v. McCollan, 443 U.S. 137, 146 (1979) ("[s]ection 1983 imposes liability for violations of rights protected by the Constitution, not for violations of duties of care arising out of tort law); Hill v. Shobe, 93 F.3d 418 (7th Cir. 1996) (reversing district court's denial of motion to dismiss, holding motor vehicle accidents caused by public officials or employees do not rise to § 1983 violations);  and Friedman v. City of Overland, 935 F. Supp. 1015, 1021 (E.D. Mo. 1996) (motion to dismiss granted where intoxicated police officer failed to yield and struck plaintiff because police officer's actions amounted to negligence, not oppressive or abusive governmental conduct).

Accordingly, the undersigned will grant the Defendants' Motion to Dismiss the Plaintiff's § 1983 municipal/supervisory liability claim.

### 2. Due Process and Equal Protection Claims

The Plaintiff has also failed to state a § 1983 claim for a due process or equal protection violation. Although the Plaintiff certainly may have hoped that the Defendants would offer a settlement without the necessity of having to file a lawsuit, her expectation does not rise to the level of a constitutional right or entitlement sufficient to establish a due process or equal protection claim. Accord Bishop v. Wood, 426 U.S. 341, 344 (1976) (individual must have protected property interest to establish due process claim); Board of Regents v. Roth, 408 U.S. 564, 577 (1972) ("a person must have more than an abstract need or desire [for the property interest] ... he must have ... entitlement to it"); Schneider v. United States 27 F.3d 1327, 1333 (8th Cir. 1994) (rejecting Plaintiffs' claims that they were deprived of a property interest when they were denied a settlement under the Military Claims Act because "settlement under the Act is not in the nature of an entitlement but is conditioned upon both the claimant's ability to substantiate a negligence claim and the USAF's discretion in determining whether to pay a settlement"); and Clayton v. Branson, ___ N.C. App. ___, ___, 613 S.E.2d 259, 271-72 (June 7, 2005) (city's refusal to settle claims of plaintiff who was in traffic accident with police officer amounted neither to due process nor equal protection violation).

The Plaintiff's equal protection claim must also be dismissed because she has failed to plead facts that, even if taken as true, would establish that she was treated differently than other claimants based on constitutionally-impermissible criteria. Accord City of Cleburne v. Cleburne Living Ctr., 473 U.S. 432, 440 (1985); and Tri-County Paving, Inc., v. Ashe County, 281 F.3d 430-439-440 (4th Cir. 2002) (where county's decision to deny plaintiff's application to operate asphalt plant not based on race or other protected factor, equal protection claim properly dismissed).

### D. Supplemental Jurisdiction of State Law Claims

Having dismissed the Plaintiff's only federal claims, it is within the Court's broad discretion whether to retain supplemental jurisdiction over her remaining state law claims. See 28 U.S.C. § 1367(c)(3) ("the district courts may decline to exercise supplemental jurisdiction over a claim ... if the district court has dismissed all claims over which it has original jurisdiction); and Shanaghan v. Cahill, 58 F.3d 106, 110 (4th Cir. 1995) (under § 1367(c), the district courts "enjoy wide latitude in determining whether or not to retain to retain [supplemental] jurisdiction over state claims when all federal claims have been extinguished"), citing Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 (1988). Moreover, declining supplemental jurisdiction where all federal claims have been dismissed is consistent with the general principle that federal jurisdiction is limited. Accord Pineville Real Estate Operation Corp. v. Michael, 32 F.3d 88, 90 (4th Cir. 1994).

However, rather than dismiss the remaining state claims, as the Defendants request, the Court will remand them to state court. Accord Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606 (4th Cir. 2002) ( "it is well-settled that a district court's power to remand pendent state claims to state court is inherent in statutory authorization to decline supplemental jurisdiction under § 1367(c)" ), citing Hinson v. Norwest Fin. S.C., Inc., 239 F.3d 611, 617 (4th Cir. 2001) (noting that circuit courts of appeal unanimously hold that power to remand is inherent in § 1367(c)).

### III. ORDER

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1. The Defendants' "Motion to Dismiss the Amended Complaint" (document #11) is **GRANTED IN PART** and **DENIED IN PART**, that is, it is **DENIED** as to the Plaintiff's state law claims against Defendants Gary Coble, James Pendergraph, and Peerless Insurance Company, but

**GRANTED** in all other respects; and the Amended Complaint is **DISMISSED WITH PREJUDICE** as to Defendant Mecklenburg County and as to the Plaintiff's 42 U.S.C. § 1983 claims.

2. The Court **DECLINES** to retain supplemental jurisdiction over the Plaintiff's remaining state law claims; and this matter is **REMANDED** to the Superior Court of Mecklenburg County, North Carolina.

3. The Clerk is directed to send copies of this Memorandum and Order to counsel for the parties.

**SO ORDERED, ADJUDGED AND DECREED**.

Signed: January 23, 2006

*Carl Horn, III*

Carl Horn, III
United States Magistrate Judge